UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STATE OF MISSOURI, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:17-CV-2627 JCH ) |
| RODNEY ANDREW UNDERWOOD, | ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Defendant Rodney Andrew Underwood seeks leave to proceed in forma pauperis in this action. Based on the information in defendant's financial affidavit, the Court will grant defendant's motion to proceed in forma pauperis. Based upon a review of the complaint, the Court will dismiss this action without prejudice.

**Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining

1

whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

**The Complaint**

On June 28, 2016, defendant Rodney Andrew Underwood was charged with felony forgery in Jefferson County Court. Since July 12, 2016, defendant has been released on bond. Defendant's state court file includes many pro se filings and letters to the judge, including a letter regarding the Jefferson County Court's alleged lack of jurisdiction; an affidavit of denial of United States Citizenship; waiver of "all claims without God;" notice of estoppel and stipulation of constitutional challenge; affidavit of denial of forgery; and "affidavit of notary presentment." On October 13, 2017, a warrant was issued for defendant's failure to appear at his trial. A bond forfeiture hearing is scheduled for December 11, 2017. *See State v. Underwood*, Case No. 16JE-CR01585 (Jefferson County).

Defendant filed this action on October 24, 2017. Liberally construing defendant's complaint (titled "Notice of Breach of Trust and Opportunity to Cure Claim of Tort" and filed as a Notice of Removal), defendant either wants to remove his state court criminal case to this Court, or he wants this Court to intervene in his state court criminal proceeding. *See, e.g.*, Doc. 1 at 4 ("there are several of my unalienable rights . . . that are currently being violated . . . [by the Missouri criminal case]," seeking to "extinguish or cancel" his Missouri criminal case); *see also* Compl., Attach. 2 (state court file) and Attach. 3 (civil cover sheet indicating removal action). As explained below, however, no removal provisions provide a basis for removal of the state court

proceedings. Moreover, the Court will not intervene in defendant's ongoing state court criminal matter.

## Discussion

Although defendant has not cited any basis for removal of his state court criminal prosecution to this Court, the Court notes that three federal statutes allow for the removal of certain criminal prosecutions from state to federal court. Those statutes are extraordinarily limited, however, and none of the three statutes allows for removal of this matter.

First, 28 U.S.C. § 1442 provides that civil and criminal actions commenced in state court against the United States itself and against officers of the United States acting under color of office may be removed to federal court. Defendant has not sought to invoke § 1442, and there is no reason to believe that he could have successfully invoked § 1442 if he had tried.

Second, 28 U.S.C. § 1442a allows for removal "of a civil or criminal prosecution in a court of a State of the United States against a member of the armed forces of the United States" who was acting under color of his status as a member of the armed forces. There is similarly no indication in the documents filed by defendant that he is a member of the United States armed forces or that he was acting under color of his status as a member of the armed forces.

Finally, 28 U.S.C. § 1443 allows for very limited removal of criminal prosecutions in state court to federal court. In order to remove a case under § 1443(1), a defendant must show (1) "that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality" and (2) "that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State." *Johnson v. Mississippi,* 421 U.S. 213, 219 (1975) (quotations omitted). Defendant satisfies neither prong

of this test. As such, defendant may not invoke § 1443 as a basis for removing this prosecution to federal court.

"If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4). For the reasons provided above, removal cannot be permitted in this case. The Court therefore summarily remands this matter to Jefferson County Court.

To the extent defendant seeks to have this Court intervene in his state criminal proceedings, the Court declines. As a general rule, a federal court may not intervene either by injunction or declaratory judgment in a pending state criminal proceeding except under extraordinary circumstances where there is a threat of irreparable injury which is both great and immediate. *See Younger v. Harris*, 401 U.S. 37, 46 (1971) (injunctive relief); *Samuels v. Mackell*, 401 U.S. 66, 73 (1971) (declaratory relief). Defendant's allegations fail to indicate that he will suffer "great and immediate" irreparable injury, and this Court declines to intervene in defendant's state criminal proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to proceed in forma pauperis [ECF No. 3] is **GRANTED**.

**IT IS FURTHER ORDERED** that to the extent defendant seeks to remove his state court criminal proceeding to this Court, the action is **REMANDED** to the Jefferson County Court.

**IT IS FURTHER ORDERED** that the Clerk shall forward a certified copy of this Memorandum and Order to the Jefferson County Court, with reference to *State of Missouri v. Rodney A. Underwood*, Case No. 16JE-CR01585.

**IT IS FURTHER ORDERED** that to the extent plaintiff seeks to have this Court intervene in his state court proceedings, the request is **DENIED** and this action is **DISMISSED**.

An Order of Dismissal will accompany this Memorandum and Order.


  /s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE


Dated this 14th day of November, 2017.